## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Date: August 27, 2015

Courtroom Deputy: Kathleen Finney
Court Reporter: Tracy Weir
Probation Officer: Nicole Peterson

---

**Criminal Action No.  14-cr-00485-REB**

*Parties:*                                              *Counsel:*

UNITED STATES OF AMERICA,                               Pegeen Rhyne

    Plaintiff,

v.

EUGENE TANSKI,                                          Kathryn Stimson
                                                        Arthur Tyrone Glover, Jr.
    Defendant.

---

## SENTENCING MINUTES

---

**10:08 a.m.**    Court in session.

Appearances of counsel.

Defendant is present in on bond.

Court's opening remarks.

Court is informed that any and all victims have been afforded their rights.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**10:19 a.m.**    Court in recess.

**10:25 a.m.**    Court in session.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows: the **Defendants** (sic) **Motion for Sentence to Probation** [#23] filed August 7, 2015 is **GRANTED**, but only insofar as consistent with the foregoing findings of fact, conclusions of law, and the following orders; and the **United States' Motion for Preliminary Order of Forfeiture for a Personal Money Judgment against Defendant Eugene Tanski** [#26] filed August 21, 2015 is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is sentenced to supervised probation for a term of **five (5) years**, during which term the defendant shall be subject to the jurisdiction of the court and the probation department;

5. That while on supervised probation, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of probation, prescribed by law at 18 U.S.C. § 3563(a) and USSG §5B1.3(a);

    - all standard conditions of probation approved and imposed by this court in all such cases and circumstances; and

    - the following discretionary or special conditions of probation:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- all ten of the special conditions recommended by the probation officer in the **Sentencing Recommendation** [#12-1] at pages R-3 and R-4 in paragraphs one through ten;

- that the defendant is committed to the custody of the BOP to imprisoned for a term of **six (6) consecutive months** to commence not later than September 28, 2015; and thereafter for a term of **ten (10) consecutive days** from and including the 12th through and including the 21st days of each of the final, **five (5) months** of the first year of probation; provided, furthermore, that the defendant shall report voluntarily and transport himself to the official detention facility or facilities designated by the BOP;

- that commencing August 28, 2016, the defendant is placed on home detention, in lieu of additional imprisonment, for a period of **nine (9) months** during which the defendant shall be in his place of residence at all times, except for approved absences for gainful employment; religious services; medical care or treatment, and such other times and activities as may be authorized specifically by the probation officer;
    - home detention shall be enforced by electronic monitoring as directed by the probation officer;
    - the defendant at his own expense shall make all arrangements necessary to facilitate such electronic monitoring; and
    - the defendant shall cooperate fully with the probation officer to facilitate home detention.

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That the defendant shall pay **restitution** for the benefit of **Barnett Capital Ltd** payable in care of the clerk of the court in full in the amount of **$2,206,931.13** to be paid by the defendant immediately, failing which in monthly installments of not less than **ten (10) percent of the defendant's monthly gross income**, as determined periodically by the probation officer; provided, further, that **interest on restitution is waived**;

10. That pursuant to the plea agreement of the parties, the admission of the defendant to the forfeiture allegations in the information, the provisions of **Fed. R. Crim. P. 32.2(b)(4)**, 18 U.S.C. § 981(a), 28 U.S.C. § 2461(c), and the motion of the government, an **order and judgment of forfeiture** shall be entered and shall be part of the sentence and included in the corresponding judgment;

12. That the **mandatory drug testing** provisions of **18 U.S.C. § 3563(a)(5)** are waived; and

13 . That immediately following this hearing, the defendant shall **report in person to the probation department** to schedule an appointment to read, review, and sign the required conditions of probation.

The defendant is advised of the right to appeal the sentence imposed by the court.

**10:50 a.m.    Court in recess.**

Total time in court: 00:36

Hearing concluded.